UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LJUBO SKRBIC**, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 21-cv-2548 (TSC) <br> ) |
| **CITY OF LOS ANGELES FIRE DEPARTMENT**, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Ljubo Skrbic has sued the City of Los Angeles Fire Department (LAFD), alleging that the LAFD "ignored the rule that any hill steep 25% degree or more is exempt from brush clearance" and fined him for brush clearance fees in violation of his federal due process and equal protection rights. Compl. at 3–4; *id*. at ECF p. 13. He also appears to allege some sort of negligence, and losses totaling $86,000 for forty years of flights ($20,000) between Florida, where he lives, and Los Angeles, where he appears to own the property at issue, as well as for food ($15,000), hotel ($15,000), "workers" ($36,000) and $15,000 in fines. *Id*. at 4. He seeks "release" from all current and future "fee charges." *Id*.[1]

Attached to the Complaint is a document titled "BASIC [sic] JURISDICTION OF FEDERAL QUESTION," in which he cites "H.R. 8810-11 Congers [sic]." *Id*. at ECF p. 6.

---

[1] Given the location of the alleged events and Plaintiff's residence in Florida, it appears that venue in this district is improper. It also appears that this court would not have personal jurisdiction over the LAFD.

While H.R. 8810-11 does not exist, there was an H.R. 8810 which became Public Law 116-323 and was later codified in the Landslide Preparedness Act, 43 U.S.C. § 3101, *et seq,* which established "a program . . . (1) to identify and understand landside hazards and risks; (2) to reduce losses from landslides; (3) to protect communities at risk of landslide hazards; and (4) to help improve communication and emergency preparedness, including by coordinating with communities and entities responsible for infrastructure that are at risk of landslide hazards."  43 U.S.C. § 3102(a).  Plaintiff does not quote from or direct the court to any particular provision of this legislation, nor provide any indication that the statute allows for a private right of action.

Also attached to the Complaint is an "Exhibit" that appears to contain an internet search result for the term "federal rule for sliding 35 percent steep hill."  Compl. at ECF p. 7.  The page lists results for Americans with Disabilities Act ramp and curb requirements, as well as the "Chapter 9: Sliding Fee Discount Program," and contains the following citations: Section 330(k)(3)(G) of the Public Health Service Act (PHS); 42 C.F.R. 51c.303(f), (g), (u); and 42 C.F.R. 56.303(f), (g) (u).  The cited PHS provision relates to applications for "health center" center funding, 42 U.S.C. § 254b(k)(3)(G); *see* § 254b(a), and the Code of Federal Regulations provisions relate to the same.

Finally, Plaintiff attached to the Complaint: 1) additional internet search results, 2) excerpts of articles about maintaining hillsides; 3) documents that appear to show that Plaintiff submitted a municipal appeal challenging the LAFD assessments and/or a petition for an exemption; and (4) bills from the City of Los Angeles totaling $2,212,00.  Compl. at ECF pp. 8– 22.

"The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the Dist. of Columbia,* 679 F.2d 931 (D.C. Cir. 1982); *Haines v. Kerner,* 404 U.S. 519 (1972)). However, this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert*.*" *Id.* at 239. Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alteration omitted). A plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted).

Plaintiff's Complaint does not meet the Rule 8 pleading standard. It is unclear how the Landslide Preparedness Act provides the basis for his due process and equal protection claims. With respect to his negligence claim, Plaintiff has not alleged facts establishing the LAFD owed him a duty, how the alleged duty was breached, or that his claimed damages (much of which appear unrelated to the brush clearance assessment) resulted from the purported breach. *See Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1197 (N. D. Cal. 2016) (citing *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992)) ("The elements of

negligence under California law are: '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury.'"). Consequently, Plaintiff has not given the LAFD "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and alteration omitted). Accordingly, by separate order, the court will dismiss this action without prejudice.

Date:  October 22, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge