UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LJUBO SKRBIC**, | ) ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 21-cv-2548 (TSC) |
| **CITY OF LOS ANGELES FIRE DEPARTMENT**, | ) ) ) ) |  |
| Defendant. | ) ) |  |

## MEMORANDUM OPINION

Before the court is Plaintiff's Motion to Reconsider. ECF No. 5, Mot. to Reconsider. For the reasons set forth below, the court will DENY the motion.

In October 2021, this court dismissed this action without prejudice *sua sponte*. *Skrbic v. City of Los Angeles Fire Dep't*, No. 21-cv-2548 (TSC), 2021 WL 4940929, at *1 (D.D.C. Oct. 22, 2021). *Pro se* Plaintiff Ljubo Skrbic sued the City of Los Angeles Fire Department (LAFD), alleging that it "ignored the rule that any hill steep 25% degree or more is exempt from brush clearance" and fined him for brush clearance fees in violation of his federal due process and equal protection rights. Compl. at 3–4; *id.* at ECF p. 13. He also appeared to allege some sort of negligence, and losses totaling $86,000 for forty years of flights ($20,000) between Florida, where he lives, and Los Angeles, where he appears to own the property at issue, as well as for food ($15,000), hotels ($15,000), "workers" ($36,000) and $15,000 in fines. *Id.* at 4. He sought "release" from all current and future "fee charges." *Id.* Plaintiff also referenced several federal statutes in his Complaint and exhibits. *Skrbic*, 2021 WL 4940929, at *1.

It was unclear from Plaintiff's Complaint how his facts supported his purported claims. *Id.* at *2. Consequently, the court found that the Complaint did not meet the pleading standard for Federal Rule of Civil Procedure 8(a), which requires that a complaint contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court found that Plaintiff had failed to give the LAFD "fair notice of what the claim is and the grounds upon which it rests," as required by Rule 8(a). *Skrbic*, 2021 WL 4940929, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Finally, the court noted that it was unlikely venue was proper in this district or that this court had personal jurisdiction over the LAFD. *Skrbic*, 2021 WL 4940929, at *1 n.1.

Plaintiff now asks this court to reconsider the dismissal, based in part on "new evidence" that the LAFD improperly fined him, but did not fine his neighbor. Mot. to Reconsider at 1–2. This "new evidence" is not sufficient to alter the court's ruling. The court is still unable to discern the statutory basis of Plaintiff's claims from the Complaint, exhibits, or the Motion to Reconsider, as he does not quote from or direct the court to any relevant provision in the referenced statutes that the LAFD allegedly violated.[1]

Likewise, Plaintiff has not alleged facts that would support a procedural or substantive due process claim. A procedural due process violation occurs when "a government official deprives a person of his property without appropriate procedural protections. . . . Beyond the basic requirements of notice and an opportunity to be heard, the precise requirements of procedural due process are flexible." *English v. Dist. of Columbia*, 717 F.3d 968, 972 (D.C. Cir. 2013) (citations omitted). "Substantive due process prevents governmental power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or

---

[1] In his Complaint, Plaintiff refers to the Landslide Preparedness Act, the Americans with Disabilities Act, and the Public Health Service Act. *See Skrbic*, 2021 WL 4940929, at *1.

action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests." *Wash. Tchr.'s Union Loc. No. 6 v. Bd. of Educ.*, 109 F.3d 774, 781 (D.C. Cir. 1997) (quoting *Comm. of U.S. Citizens Living in Nicar. v. Reagan*, 859 F.2d 929, 943–44 (D.C. Cir. 1988)) (alterations and internal quotation marks omitted). A substantive due process claim must allege "grave unfairness." *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988) (citations omitted). To show "grave unfairness," Plaintiff must plead facts showing: "(1) a substantial infringement of the law prompted by personal or group animus, or (2) a deliberate flouting of the law that trammels significant personal or property rights." *Crockett v. D.C. Metro. Police Dep't*, 293 F. Supp. 2d 63, 68 (D.D.C. 2003) (citing *Tri Cnty. Indus., Inc. v. District of Columbia,* 104 F.3d 455, 459 (D.C. Cir. 1997)); *see Silverman,* 845 F.2d 1072, at 1080.

To the extent Plaintiff relies on his "new evidence" to support an equal protection claim, Plaintiff cannot amend his Complaint by way of a motion to reconsider. Mot. to Reconsider at 1–2. To amend his Complaint, Plaintiff would have to file a Motion to Amend that complies with Federal Rule of Civil Procedure 15, as well as Local Civil Rule 7(i) which requires that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."

Even if Plaintiff could amend his Complaint to assert a viable equal protection claim, he has not proffered facts establishing municipal liability. "A municipality may be held liable for the constitutional violations of its officers if they are caused by municipal policies, customs, or practices." *Haight v. O'Bannon*, 102 F. Supp. 3d 179, 181–82 (D.D.C. 2015) (citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 691 (1978)). A Plaintiff alleging municipal liability must establish that a government policy or custom was the "moving force" behind an alleged constitutional injury. *Monell*, 436 U.S. at 694.

Finally, even if Plaintiff were able to overcome all the deficiencies noted above, he has not satisfied this court that venue in this district is proper, as the LAFD does not "reside" in this district, none of the events giving rise to the claim occurred here and the assessed property is not located here. *See* 28 U.S.C.A. § 1391. Nor is this court satisfied that it would have personal jurisdiction over the LAFD. Plaintiff bears the burden of establishing a basis for the exercise of personal jurisdiction, *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990), by alleging "specific acts connecting the defendant with the forum." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274. F.3d 521, 524 (D.C. Cir. 2001) (cleaned up).

Accordingly, the court will deny Plaintiff's Motion to Reconsider.

Date: May 31, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge